**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Auto Club Insurance Association, Auto Club Group Insurance Company, MemberSelect Insurance Company, Fremont Insurance Company, and Meemic Insurance Company,

Plaintiffs,

v.

Adam Berry,

Defendant.

Case No. 26-13940

Hon. Matt F. Leitman

Mag. Judge Elizabeth A. Stafford

Thomas W. Cranmer (P25252)
Russell J. Bucher (P82349)
Miller, Canfield, Paddock and Stone, P.L.C.
840 W. Long Lake Rd., Suite 150
Troy, MI 48098
(248) 267-3381
cranmer@millercanfield.com
bucher@millercanfield.com

**PLAINTIFFS' MOTION TO FILE CERTAIN EXHIBITS ATTACHED TO THE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION UNDER SEAL**

1. Pursuant to E.D. Mich. L.R. 5.3(b)(3)(A)(v) and (vi), Plaintiffs respectfully request leave to publicly file redacted versions of Exhibits 2, 3, 4, Attachments to Exhibit 5, Exhibit 6, and Attachments 1 and 3 to Exhibit 6, which are submitted in support of the Motion for Temporary Restraining Order and Preliminary Injunction, while filing the corresponding unredacted versions under seal. Plaintiffs also seek leave to file Attachment 2 to Exhibit 6 entirely under seal.

2. This action centers on a private telephone conversation between a claims adjuster for Plaintiff MemberSelect Insurance Company and a third-party attorney representing an injured claimant (the "Second Call"). Plaintiffs allege that Defendant Adam Berry procured and later used a recording of the Second Call in violation of the Federal Wiretap Act and Michigan law. Because the contents of the Second Call are at the heart of Plaintiffs' claims, disclosure of the recording or substantive references to it would reveal the very communications that are the subject of this litigation.

3. The proposed redactions are narrowly tailored and limited to: (1) the name and identifying information of a non-party employee, publicly referred to as "Ms. W"; and (2) quotations, summaries, references to, and other material revealing the substance of the Second Call. Attachment 2 to Exhibit 6 should be filed entirely under seal because it consists of the recording of the Second Call itself. Public disclosure of the recording would necessarily disclose the very communication that is the subject of Plaintiffs' Federal Wiretap Act, Michigan eavesdropping, and extortion-related claims. Because the recording cannot be meaningfully redacted without eliminating its substance, complete sealing is the narrowest means of protecting the interests at stake.

4. Defendant Berry procured the recording of the Second Call as part of a scheme to elicit statements that could be used against Plaintiffs in connection with

their claims-handling practices. Berry subsequently threatened to release the recording publicly and accuse Plaintiffs of systemic discrimination based on race, religion, and ethnicity unless Plaintiffs provided him with monetary payment.

5. Plaintiffs seek a Temporary Restraining Order and Preliminary Injunction barring Defendant from using or divulging the recording of the Second Call or any information derived from it because the Second Call was procured in direct violation of Michigan's Eavesdropping Statute, Mich. Comp. Laws §§ 750.539c and 750.539e; the Federal Wiretap Act, 18 U.S.C. §§ 2511 and 2520; and Michigan's extortion and attempted-extortion statutes, Mich. Comp. Laws §§ 750.213 and 750.92.

6. Certain exhibits submitted in support of the Motion for Temporary Restraining Order and Preliminary Injunction identify the non-party employee and disclose, quote, or reference the contents of the Second Call.

7. The non-party employee has not placed her identity at issue and is not accused of wrongdoing. She has a substantial privacy interest in avoiding public association with the alleged interception, the underlying private conversation, and any resulting harassment.

8. The contents of the Second Call are the subject of the dispute before the Court. Publicly disclosing that communication while the Court determines whether its acquisition and use violated federal and state law would undermine the privacy

and other interests those laws protect. The requested redactions therefore preserve the status quo and prevent the Court's public docket from becoming a means of disseminating the very communication at issue.

9. As of the date of this filing, no protective order has been entered in this case. E.D. Mich. L.R. 5.3(b)(3)(A)(iii). However, the phone call at issue has been treated as confidential. Communications between claims specialists and claimants or their counsel routinely contain sensitive medical information, protected personal information, and settlement-related discussions and are not disclosed outside the ordinary claims-handling process.

10. Plaintiffs submit the attached brief detailing the evidence and legal citations supporting Plaintiffs' request to seal under the controlling legal authority. Pursuant to E.D. Mich LR 5.3(b)(3)(A)(v)-(vi).

11. Pursuant to E.D. Mich. L.R. 5.3(b)(3)(A)(v)-(vi), Plaintiffs have filed placeholder sheets in place of document they seek to file entirely under seal and redacted versions of documents containing the requested redactions. Corresponding unredacted versions of all such documents have been filed under seal for the Court's consideration of this Motion.

12. Pursuant to LR 7.1(a)(2)(C), Plaintiffs have not sought concurrence because of the emergent nature of the underlying Motion for Temporary Restraining Order and Preliminary Injunction. For the same reason, Plaintiffs have not sought

concurrence in this Motion to Seal, which is filed in conjunction with and in support of the requested emergency relief.

13. WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and enter an order permitting the narrowly tailored redactions described herein, including the public filing of redacted versions of Exhibits 2, 3, 4, Attachments to Exhibit 5, Exhibit 6, and Attachments 1 and 3 to Exhibit 6, with the corresponding unredacted versions filed under seal. Plaintiffs further request leave to file Attachment 2 to Exhibit 6 entirely under seal because it consists of the recording of the Second Call and cannot be meaningfully redacted without disclosing the very communication at issue in this action.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Thomas W. Cranmer

Thomas W. Cranmer (P25252)
Russell J. Bucher (P82349)
840 W. Long Lake Rd., Suite 150
Troy, MI 48098
(248) 267-3381
cranmer@millercanfield.com
bucher@millercanfield.com
*Attorneys for Plaintiffs*

Dated: October 15, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Auto Club Insurance Association, Auto Club Group Insurance Company, MemberSelect Insurance Company, Fremont Insurance Company, and Meemic Insurance Company,

Plaintiffs,

v.

Adam Berry,

Defendant.

Case No. 26-13940

Hon. Matt F. Leitman

Mag. Judge Elizabeth A. Stafford

---

Thomas W. Cranmer (P25252)
Russell J. Bucher (P82349)
Miller, Canfield, Paddock and Stone, P.L.C.
840 W. Long Lake Rd., Suite 150
Troy, MI 48098
(248) 267-3381
cranmer@millercanfield.com
bucher@millercanfield.com

---

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO FILE CERTAIN EXHIBITS ATTACHED TO THE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION UNDER SEAL**

**TABLE OF CONTENTS**

**Page**


I. INTRODUCTION ........ 1

II. LEGAL STANDARD ........ 1

III. ARGUMENT ........ 3

- a. ITEMS PROPOSED FOR SEALING ........ 3
- b. THE NON-PARTY EMPLOYEE’S IDENTITY SHOULD BE REDACTED ........ 4
- c. THE CONTENTS OF THE SECOND CALL SHOULD BE SEALED BECAUSE THEY ARE THE SUBJECT OF THE ALLEGED STATUTORY VIOLATIONS ........ 5

III. CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bollinger v. Bollinger Motors, Inc.*,
No. 2:25-cv-10790, 2025 WL 1293353 (E.D. Mich. May 5, 2025) ..................... 5

*In re Knoxville News-Sentinel Co.*,
723 F.2d 470 (6th Cir. 1983) ..................... 1

*Shane Grp. v. Blue Cross Blue Shield of Mich.*,
825 F.3d 299 (6th Cir. 2016) ..................... 1, 2, 4

**Statutes**

18 U.S.C. §§ 2511, 2520 ..................... 5

Federal Wiretap Act ..................... 1, 3, 5, 6

Mich. Comp. Laws §§ 750.539c, 750.539e ..................... 5

**Court Rules**

Local Rule 5.3 ..................... 2

## ISSUES PRESENTED

1. Should the Court permit Plaintiffs to file under seal, or in redacted form, select exhibits attached to their Motion for Temporary Restraining Order and Preliminary Injunction where those exhibits reveal: (1) the name and confidential identifying information of a non-party employee, publicly referred to as Ms. W., who has not placed her identity at issue and is not accused of wrongdoing; and (2) the substance of recorded or intercepted communications are the very subject of Plaintiffs' claims under the Federal Wiretap Act and Michigan's eavesdropping statutes, such that public disclosure would undermine the privacy interests those statutes were enacted to protect and would disseminate the very communication whose acquisition and use are at issue in this action?

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

E.D. Mich. LR 5.3

*Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016)

## I. INTRODUCTION

The information Plaintiffs seek to seal is not merely evidence relevant to the dispute; it is the very communication at the center of the dispute. Plaintiffs seek leave to redact select exhibits attached to their Motion for Temporary Restraining Order and Preliminary Injunction where those exhibits identify a non-party employee and disclose the contents of communications obtained and used in violation of the Federal Wiretap Act, Michigan's eavesdropping statutes. Absent limited sealing, the Court's docket would become a vehicle for disseminating the very communication whose disclosure Plaintiffs seek to prevent. The requested redactions are narrowly tailored and necessary to protect significant privacy interests while preserving public access to the remainder of the record.

## II. LEGAL STANDARD

In deciding a motion to seal the Court must balance the "competing interests" of the public's interest in obtaining the information contained in the court record with the party's interest in protecting confidential, private, or trade secret information. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp.*, 710 F.2d 1165, 1179-80 (6th Cir. 1983)). Sixth Circuit authority recognizes that privacy interests of participants and third parties may justify restricted access. *Brown & Williamson Tobacco Corp.* v. FTC, 710 F.2d 1165, 1179–80 (6th Cir. 1983); *In re Knoxville News-Sentinel Co.*,

723 F.2d 470, 474 (6th Cir. 1983). Courts may also prevent judicial files from becoming vehicles for improper purposes. *Nixon v. Warner Communications*, Inc., 435 U.S. 589, 598 (1978). The party to seeking seal documents must set forth a "compelling reason why certain documents or portions thereof should be sealed." *Shane Grp.*, 825 F.3d at 305. Moreover, the proposed "seal itself must be narrowly tailored to serve that reason." *Id*.

Local Rule 5.3(b) codifies the standards in *Shane Group* and requires that a motion to seal contain the following substantive analysis: (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects; (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record; (iii) whether the proposed sealed material was designated as 'confidential' under a protective order and by whom; (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority. E.D. Mich. LR 5.3(b)(3)(A)(i)-(iv). Plaintiffs have complied with Local Rule 5.3.

## III. ARGUMENT

### a. Items Proposed For Sealing

Plaintiffs request that the Court seal the following documents in order to avoid harm to the non-party employee and dissemination of the precise unlawfully obtained communication at the center of this dispute, thereby frustrating the privacy and other interests protected by Federal Wiretapping and Michigan Eavesdropping statutes.

| **Document** | **Description** | **Items Proposed for Sealing** |
|---|---|---|
| Exhibit 2 to the Motion for TRO / PI | Declaration of Ms. W | The identity and any identifying information of a non-party employee and the contents of communications that are the subject of Plaintiff's Federal Wiretap Act and Michigan eavesdropping claims. |
| Exhibit 3 to the Motion for TRO / PI | Declaration of Van Miller | The identity of a non-party employee |
| Exhibit 4 to the Motion for TRO / PI | Declaration of Robson | The identity of a non-party employee |
| Attachments to Exhibit 5 to the Motion for TRO / PI | Declaration of Bohannon | The identity of a non-party employee |
| Exhibit 6 to the Motion for TRO / PI | Email From Akouri | The identity of a non-party employee |
| Attachment 1 of Exhibit 6 to the Motion for TRO / PI | Azakir Statement Under Oath | The identity of a non-party employee and the contents of communications that are the subject of Plaintiff's Federal Wiretap Act and Michigan eavesdropping claims. |

| | | |
|---|---|---|
| Attachment 2 of Exhibit 6 to the Motion for TRO / PI | Recording of Azakir and Ms. W (Second Call) | Filed entirely under seal - The contents of communications that are the subject of Plaintiff's Federal Wiretap Act and Michigan eavesdropping claims. |
| Attachment 3 of Exhibit 6 to the Motion for TRO / PI | Draft Adam Berry Complaint | The identity of a non-party employee and the contents of communications that are the subject of Plaintiff's Federal Wiretap Act and Michigan eavesdropping claims. |

Critically, Defendants seek only narrowly tailored redactions of the non-party individual's name, identifying information, and limited portions of the exhibits that disclose, summarize, quote, or otherwise reveal the substance of the Second Call that is the subject of Plaintiffs' claims.

**b. The Non-Party Employee's Identity Should Be Redacted**

There is a compelling interest in protecting the identity of innocent non-parties. The Sixth Circuit has emphasized that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Grp.*, 825 F.3d at 308. The non-party employee identified in Plaintiffs' filings is not a litigant, is not accused of wrongdoing, and has not placed her identity at issue. Her identity adds little, if anything, to the public's understanding of the claims or requested relief.

The requested redactions are narrowly tailored. Plaintiffs seek only to redact the employee's name and identifying information, while leaving the factual allegations and legal arguments available for public review. Because the public can

fully understand the dispute without disclosure of the employee's identity, their substantial privacy interests outweigh any minimal public interest in disclosure. See *Bollinger v. Bollinger Motors, Inc.*, No. 2:25-cv-10790, 2025 WL 1293353, at *2 (E.D. Mich. May 5, 2025).

**c. The Contents of the Second Call Should Be Sealed Because They Are the Subject of the Alleged Statutory Violations**

Plaintiffs seek narrowly tailored redactions of materials revealing the contents of the Second Call. The communication is not merely evidence relevant to the dispute; it is the conduct giving rise to Plaintiffs' claims. The requested sealing advances the privacy and confidentiality interests protected by the Federal Wiretap Act and Michigan's eavesdropping statutes. Congress created a private right of action for the interception, use, and disclosure of unlawfully obtained communications, reflecting a strong policy against further dissemination of such communications. See 18 U.S.C. §§ 2511, 2520. Likewise, Michigan law prohibits the use, disclosure, and publication of unlawfully obtained communications. See Mich. Comp. Laws §§ 750.539c, 750.539e. Public disclosure of the recording or its contents would undermine the very interests these statutes were enacted to protect while the Court determines whether Defendant's acquisition and use of the Second Call violated federal and state law.

The requested relief is narrowly tailored. Plaintiffs do not seek to seal the TRO and Preliminary Injunction Motion and supporting exhibits in their entirety. Rather,

Plaintiffs seek targeted redactions only where necessary to prevent disclosure of the substance of the Second Call. The public will remain able to understand the factual background, asserted claims, and requested relief without access to the allegedly intercepted communication itself.

Attachment 2 of Exhibit 6 warrants complete sealing because it consists of the recording of the Second Call. A redacted public version is not feasible because the recording's sole substance is the communication at issue. Unlike the remaining filings, which can be publicly filed with limited redactions, any public filing of the recording would necessarily further disseminate the very communication Plaintiffs allege was unlawfully procured, used, and threatened to be disclosed. Complete sealing is therefore the narrowest means available to protect the interests safeguarded by the Federal Wiretap Act and Michigan's eavesdropping statutes. Under these circumstances, those interests outweigh any public interest in immediate access to the recording itself.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant this Motion and permit the narrowly tailored redactions described herein, including the public filing of redacted versions of Exhibits 2, 3, 4, Attachments to Exhibit 5, Exhibit 6, and Attachments 1 and 3 to Exhibit 6, with the corresponding unredacted versions filed under seal. Plaintiffs further request leave to file Attachment 2 to Exhibit 6 entirely under seal

because it consists of the recording of the Second Call and cannot be meaningfully redacted without disclosing the very communication at issue in this action.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Thomas W. Cranmer
Thomas W. Cranmer (P25252)
Russell J. Bucher (P82349)
840 W. Long Lake Rd., Suite 150
Troy, MI 48098
(248) 267-3381
cranmer@millercanfield.com
bucher@millercanfield.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Russell J. Bucher*
Russell J. Bucher (P82349)