# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Auto Club Insurance Association, Auto Club Group Insurance Company, MemberSelect Insurance Company, Fremont Insurance Company, and Meemic Insurance Company,

Plaintiffs,

v.

Adam Berry,

Defendant.

Case No. 26-cv-13940

Hon. Jonathan J.C. Grey

Mag. Judge Elizabeth A. Stafford

Thomas W. Cranmer (P25252)
Russell J. Bucher (P82349)
Miller, Canfield, Paddock and Stone, P.L.C.
840 W. Long Lake Rd., Suite 150
Troy, MI 48098
(248) 267-3381
cranmer@millercanfield.com
bucher@millercanfield.com

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

This matter having come before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"); the Court having reviewed Plaintiffs' Complaint and the Motion; and the Court being otherwise advised in the premises, the Court hereby finds as follows:

1. If a temporary restraining order does not issue, Plaintiffs will suffer irreparable harm in the form of damage to their business reputation, customer goodwill, and competitive position within Michigan's auto-insurance market, as well

as operational harms in the form of damage to employer-employee relations and diversion from their core business.

2. If a temporary restraining order does not issue, Plaintiffs, on the one hand, are at immediate risk of suffering this irreparable harm from Defendant's use or divulging of the contents of a certain audiovisual recording (the "Selective Recording"), a copy of which was emailed from Robert Akouri to Michael Kramer on January 4, 2026 with the file name "Recording of Azakir with Adjuster.MOV," of a 2024 telephone call referred to in Plaintiffs' Complaint as the "Second Call." On the other hand, Defendant will not experience any comparable harm in being temporarily restrained from using or divulging information that it appears, by a reasonable likelihood, was obtained by and has been used for unlawful means. For those reasons, notice to Defendant is not necessary or practical before this Order issues.

WHEREFORE, it is hereby ORDERED that Defendant Adam Berry is RESTRAINED and ENJOINED from (1) using or divulging the Selective Recording or any information obtained from the Selective Recording; and (2) using or divulging any other or different recording of the Second Call that was made, procured, or solicited by Defendant or Defendant's agent, or any information obtained from such other or different recording of the Second Call.

IT IS FURTHER ORDERED that Defendant Adam Berry shall, as soon as possible after receipt of this Order, immediately serve a copy of this Order upon any persons to whom Defendant or his agents have divulged the Selective Recording, Other/Further Recording, or any information obtained from the Selective Recording or Other/Further Recording.

IT IS FURTHER ORDERED that Plaintiffs shall serve a copy of this Order on Defendant Adam Berry as soon as reasonably possible.

IT IS FURTHER ORDERED that the Court will hold a hearing on Plaintiffs' Motion on ____________________________, 2026, at ___:___ __.m.

IT IS FURTHER ORDERED that Defendant shall submit any response brief to Plaintiffs' Motion on or before ____________________________, 2026.

IT IS FURTHER ORDERED that Plaintiffs may file a reply brief in support of their Motion on or before ____________________________, 2026.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire fourteen (14) days from the date of this Order.

_______________________________
Hon.
United States District Court Judge

Dated: